UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEVIN T. LESTER et al.,

        Plaintiffs,                            Case No. 1:19-cv-354

v.                                                  Honorable Paul L. Maloney

STATE OF MICHIGAN et al.,

        Defendants.
_____/

## **OPINION**

This action was filed in the name of Devin T. Lester, but the complaint was signed by Sherry K. McKay. Ms. McKay signed the documents on Plaintiff Lester's behalf under a durable power of attorney. Plaintiff Lester is presently detained in the Cass County Jail pending trial on multiple assault counts relating to an incident on October 22, 2018.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Ms. McKay, however, is not a prisoner. The Court has granted Ms. McKay leave to proceed *in forma pauperis*. Under 28 U.S.C. 1915(e)(2) the Court must also dismiss any action she files as a pauper if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. Applying these standards, the Court will dismiss the complaint for failure to state a claim.

## Discussion

I.   **Factual allegations**

The complaint names as Defendants the State of Michigan, the Cass County Sheriff, Shannon Kenyon, the principal victim of the assault and mother of Bentley, and Shannon's mother and father, Laura and Richard Kenyon, who were present at the time of the alleged assault. Plaintiff Lester is alleged to be the father of Bentley.

The complaint alleges that Defendant Richard Kenyon committed the assaults of Shannon for which Plaintiff Lester has been charged. Additionally, the complaint states that Defendant Cass County Sheriff's treatment of Lester during his arrest and detention is cruel and unusual punishment. The complaint does not elaborate as to the nature of the cruel and unusual punishment that the sheriff's officers or the sheriff inflicted upon Plaintiff beyond stating that Plaintiff Lester was placed in segregation for seven months.

The complaint seeks an order directing the state to hold the Kenyons' property to be sold and the proceeds sent to Plaintiff Lester. The complaint also seeks damages in the amount of 2.5 million dollars for mental anguish resulting from the cruel and unusual punishment inflicted upon Plaintiff Lester by the sheriff and other officers in Cass County.

II.  **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### III. Plaintiff McKay Lacks Standing, Authority, or a Cognizable Claim

The complaint was signed by Ms. McKay on Plaintiff Lester's behalf under a durable power of attorney. Even assuming a valid power of attorney existed that authorized Ms. McKay to institute a lawsuit as agent on behalf of Plaintiff Lester, she would not have the authority to practice law by representing him in this lawsuit without an attorney. A party in federal court must proceed either through a licensed attorney or on her own behalf. 28 U.S.C. § 1654; *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). A power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (affirming dismissal of complaint with prejudice that was filed

3

pursuant to a general power of attorney); *J.M. Huber Corp. v. Roberts*, No. 88-6160, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989) (notice of appeal signed by a nonlawyer pursuant to a power of attorney ineffective to give rise to appellate jurisdiction); *Walsh v. Internal Revenue Serv.*, No. 1:08-cv-1132 (W.D. Mich. Oct. 12, 2009) (report and recommendation), *adopted by* 2009 WL 4261212 (W.D. Mich. Nov. 24, 2009); *Kapp v. Booker*, No. Civ. A. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb.16, 2006). In short, Plaintiff McKay cannot present claims in this Court on Plaintiff Lester's behalf. Moreover, Plaintiff lacks standing to present the claims of Plaintiff Lester on his behalf. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Any claims she purports to bring on Plaintiff Lester's behalf are properly dismissed.

If it were Plaintiff McKay's intent to bring a claim on her own behalf for injuries caused to her, the allegations in the complaint do not suffice to give rise to such a claim. She does not allege that any of the Defendants caused her compensable injury. For the reasons set forth above, the Court will dismiss with prejudice any claims Plaintiff McKay has raised against the Defendants.

With respect to the claims of Plaintiff Lester, if Ms. McKay had sufficiently stated Lester's claims, the Court would consider providing Plaintiff Lester the opportunity to sign the complaint on his own behalf. The allegations in the complaint, however, are not sufficient to state a claim.

Any § 1983 claim against the Kenyons would be properly dismissed because they are not state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);

*Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. The complaint does not include any allegations by which the Kenyons' conduct could be fairly attributed to the State. Accordingly, the complaint fails to state a § 1983 claim against the Kenyons.

Any § 1983 claim against the State of Michigan would be properly dismissed because it is immune from suit. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Any § 1983 claim against the Cass County Sheriff based on the conduct of the Cass County officers other than the sheriff would be properly dismissed. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere

failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Any § 1983 claim against the Cass County Sheriff based on the allegation that Plaintiff Lester did not commit the assaults for which he has been charged would be properly dismissed under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The *Heck* doctrine has been extended to pretrial detention. *See, e.g., Manuel v. City of Joliet, Illinois*, 903 F.3d 667 (7th Cir. 2018) (with respect to pretrial detention, the court stated: "After *Preiser*, *Heck*, and *Edwards*, § 1983 cannot be used to contest ongoing custody that has been properly authorized."). Therefore, because the allegations in the complaint challenge the fact of his judicially authorized pretrial detention, they would be properly dismissed.

Any § 1983 claim against the Cass County Sheriff for mental anguish damages would be properly dismissed. Section § 1997e(e) provides as follows:

> No federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id.* The Sixth Circuit repeatedly has held that claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Jackson v. Herrington*, 493 F. App'x 348, 354 (6th Cir. 2010); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). The complaint makes no allegation of physical injury.

Because the complaint fails to state a claim on Mr. Lester's behalf, the Court will not afford him an opportunity to sign the complaint and adopt it as his own. Instead, the Court will dismiss Mr. Lester's claims without prejudice.

## **Conclusion**

Having conducted the review required by 28 U.S.C. § 1915(e), the Court determines that Plaintiff McKay has not alleged any claims that these Defendants have caused her compensable harm, has no standing to raise claims for harms caused to Plaintiff Lester, and has no authority to sign a complaint or pursue claims on Plaintiff Lester's behalf without the assistance of an attorney. Accordingly, the complaint will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e). Because Plaintiff Lester has not, on his own behalf, presented any claims to the Court by way of the complaint, any claims he might have will be dismissed as well; but, the dismissal will be without prejudice.

A judgment consistent with this opinion will be entered.

Dated: June 12, 2019          /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge